## 4503. PASCHAL *v.* THE STATE.

It is elementary that an intent to steal is essential to the existence of the crime of larceny. In the present case the publicity of the taking and the defendant's claim of right are undisputed, and the other circumstances are insufficient to authorize the jury to infer, to the exclusion of any other reasonable supposition, that the defendant's use of his own buggy, though it had been levied upon by a constable, was a taking animo furandi. The defendant may be guilty of trespass; as is the constable himself if the testimony as to his taking of the defendant's trace-chain is true.

DECIDED FEBRUARY 11, 1913.

Accusation of larceny; from city court of Madison—Judge Anderson. October 21, 1912.

*M. C. Few,* for plaintiff in error. *A. G. Foster, solicitor,* contra.

RUSSELL, J. It appears from the record that Jack Paschal, the accused, owed taxes to the amount of $6.97, and that on or about February 7, 1912, constable T. J. Cochran (the prosecutor in this case), during Paschal's absence, called at his home and levied upon a top-buggy, the property of the defendant (the value of which was alleged to have been $50), to satisfy a fi. fa. for the said taxes. It further appears that constable Cochran, without permission, made use of a trace-chain belonging to the defendant, to lock the wheels of the buggy upon which the levy had been made, and that he secured the chain with a padlock. After making the levy, and leaving the buggy—the subject-matter thereof—under the shed of the defendant, the constable departed from the premises. Almost immediately thereafter the defendant returned to his home, and

finding the buggy fastened up by the chain, inquired of a bystander, "Who has chained up the buggy?" He was informed that it had been done by Mr. Cochran. The defendant immediately left his home, went after Mr. Cochran, and overtook him on the road. After some conversation on the subject of the levy the defendant tendered to Mr. Cochran $2 in part payment of the taxes. This payment was accepted, but not in full settlement of the fi. fa., and the defendant then returned to his home. It appears that the defendant then broke the trace-chain which had been used to detain the buggy in his shed, and made use of the buggy constantly and publicly in the ordinary course of his affairs. There is nothing in the record to indicate that the defendant carried the buggy beyond the jurisdiction of the county officers, or made any attempt to conceal it, although the prosecutor testified that on one or two occasions he was unable to locate it at the defendant's home. It is further testified by the prosecutor himself that the defendant paid him everything that was due on the fi. fa., in small amounts, from time to time.

For the reason stated in the headnote, we think that the evidence was not sufficient to support a conviction of larceny.

*Judgment reversed.*